IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND HOPP,

                           Plaintiff,

   v.

MJC AMERICA, LTD.,
GREE USA., INC.,
HONG KONG GREE ELECTRIC
APPLIANCE SALES, LTD.,
GREE ELECTRIC APPLIANCES,
INC. OF ZHUHAI, and
MENARD, INC.,

                           Defendants.

OPINION and ORDER

23-cv-325-jdp

---

     Plaintiff Raymond Hopp is suing defendants Menard, Inc. and Gree Electrical Appliances, Inc. of Zhuhai, among others, for damages caused to his home by a fire in 2020. Hopp alleges that the fire was caused by a defective dehumidifier sold by Menard and manufactured by Gree or one of its subsidiaries. The court granted Hopp partial summary judgment on the question of subrogation and denied defendants' motion to reconsider, Dkt. 84 & Dkt. 87, so the case is proceeding to trial on the merits. Discovery closes on February 28, pretrial filings are due March 21, and trial starts April 28, 2025. Dkt. 29. Before the court is plaintiff's motion to compel what he characterizes as information concerning the bias of defendants' damages expert. Dkt. 78. For the reasons below, the motion is GRANTED in part and DENIED in part.

LEGAL STANDARD

     "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

Plaintiff originally moved to compel information concerning: (1) defendants' financial assets and (2) defendants' damages expert's alleged bias. Because the parties have resolved the dispute concerning defendants' financial assets, Dkt. 81, this order deals solely with the second issue, which implicates plaintiff's requests for production nos. 1-4. The court first addresses two threshold issues, namely the meet-and-confer requirement and the timing of the motion, before turning to the merits of the parties' dispute.

**A. The meet-and-confer requirement and the motion's timing**

The court has concerns with plaintiff's efforts to meet and confer as required by Federal Rule of Civil Procedure 37(a)(1). This requirement is not a meaningless formality. Satisfying the rule does not require multiple attempts to resolve disputes, let alone exhaustive effort. *Lacy v. Anderson*, No. 20-CV-1014-JDP, 2022 WL 19247, at *1 (W.D. Wis. Jan. 3, 2022). But parties must work in good faith to timely raise and resolve issues without court intervention. *E.g.*, *Grier v. Reisinger*, No. 22-CV-748-WMC, 2024 WL 2864224, at *4 (W.D. Wis. June 6, 2024) (urging the parties to work together to complete any outstanding discovery requests).

Here, it appears plaintiff sent one email with an attached letter in July 2024, responding to objections defendants lodged in response to plaintiff's third set of requests for production and outlining perceived deficiencies in defendants' production. Dkt. 80-3 & Dkt. 83-2.

2

Plaintiff never received a response to this email. Dkt. 83 ¶ 12. But rather than follow-up, plaintiff propounded identical requests for production in an August 2024 notice of deposition for defendants' damages expert. *See* Dkt. 80-1 at 5–7 (third set of RFPs) & Dkt. 80-5 at 4–5 (notice of deposition). Defendants reiterated the objections they made to the third requests for production and offered to meet and confer. Dkt. 80–6 at 5 (November 5 email offering to meet and confer). There is no indication plaintiff responded to this offer before filing the instant motion. This is not in keeping with Rule 37(a)(1)'s requirements. Plaintiff missed multiple opportunities to work in good faith with defendants between July 2024 and now. He should have followed up on his original email, or at the very least responded to defendants' offer to meet and confer.

The court is also concerned about the timing of plaintiff's motion. Plaintiff filed this motion months after he first noted deficiencies in defendants' production, and it is not entirely clear why plaintiff waited this long. He references a December 2024 order from a Wisconsin trial court that compelled production of similar documents in another case involving some of the same defendants. Dkt. 80-8. But plaintiff does not say that he discussed that order with the defendants in this case before filing the instant motion. Plaintiff's delay belies any urgency in his request. At this point, there is little time left to take new discovery, and the parties are aware that court is very keen on ensuring the case schedule remains intact. *See* Dkt. 29 (warning the parties to expect no further extensions of the case schedule absent extraordinary circumstances).

Ultimately, the court will not deny plaintiff's motion for these reasons alone. But they will factor into the court order discussed below.

### B. Requests for production

Plaintiff's motion implicates four requests for production concerning information about defendants' damages expert's alleged bias, discussed below.

#### 1. Request No. 1

Request No. 1 seeks invoices that defendants' damages expert sent to defendants regarding work he did in this case. Dkt. 80-1 at 4–5. Defendants report that they have produced these invoices, Dkt. 82 at 13, but plaintiff complains that they are redacted, that it is not clear what was redacted, and defendants did not produce a corresponding privilege log. Defendants report that the redactions were applied to remove privileged information. If that is the case, the redactions should be logged per Rule 26(b)(5). The court will order defendants to produce a privilege log providing the required information.

#### 2. Requests Nos. 2 and 3

Request No. 2 seeks 1099 forms defendants' damages expert received from defendants in the past five years, and Request No. 3 seeks all invoices defendants' damages expert sent to defendants in the past five years. Dkt. 80-1 at 6.

Plaintiff argues the information contained in these documents is relevant to showing the expert's bias, and he cites many cases supporting this point. *See* Dkt. 80 at 12-13 & 14-15. Defendants do not meaningfully argue the contrary; rather, they argue that the process of gathering all of the forms and invoices would be burdensome.

The court agrees that the information is relevant to showing bias, but it is not convinced that producing five years' worth of documents is the most efficient use of the parties' time and resources, particularly given the stage of the case. *See* Fed. R. Civ. P. 26(c) (commanding the court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local

rule if it determines that: (i) the discovery sought … can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Defendants offered to provide the information via sworn statement, Dkt. 82 at 3, so that is what the court will order. Defendants must provide a sworn affidavit from their damages expert that provides a breakdown of the following information for each defendant for every year from 2019 to present:

- Number of matters worked on behalf of the defendant;
- Amount invoiced to each defendant;
- Amount received from each defendant; and
- Percentage of annual income received from each defendant.

This affidavit will provide plaintiff with the information he claims to need to argue bias in the manner that defendants say will not impose undue burden.

**3. Request No. 4**

Request No. 4 seeks opinion letters defendants' damages expert issued to defendants over the past five years. Dkt. 80-1 at 5–6. Plaintiff argues that these letters will show that the damages expert unilaterally favors the defendants on the same grounds again and again.

The court is not at all convinced. Plaintiff assumes defendants' damages expert's opinions are biased and slanted in a certain direction. But even if they are uniformly in defendants' favor, that does not necessarily make them unfairly biased. To show that, plaintiff would need to delve into the facts of every one of the underlying cases, which is well outside the scope of this case. Any minimal probative value to this undertaking is far outweighed by the burdens involved. Moreover, there is no time left in the case, due entirely to plaintiff's

choice to move for this information at the tail end of discovery. Plaintiff should have all the information he needs to develop his case for bias using the information outlined above.

Because the court finds the opinion letters irrelevant and disproportionate, it will not engage with defendants' argument that they are work product, although it will note that the argument is generally underdeveloped and unsupported. As the party resisting the discovery, defendants bear the burden of proving their privilege assertions. *Petersen v. Hormel Foods Corp.*, No. 24-CV-137-JPD, 2024 WL 4198555, at *3 (W.D. Wis. Sept. 16, 2024) (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)).

**C. Close of discovery**

The parties' briefing suggests that plaintiff has not yet taken the deposition of defendants' damages expert, apparently in part because he was waiting for the information at-issue in the instant motion. But, again, plaintiff delayed months in bringing this motion. The court expects the parties to work together on scheduling a deposition of the expert expeditiously. Consistent with the preliminary pretrial conference order, Dkt. 22 at 2, the parties may modify the close of discovery to accomplish this, so long as they preserve the upcoming trial deadlines. If the late timing of any deposition leaves plaintiff little time to file related pretrial motions, that is a consequence of plaintiff's delay.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 78, is GRANTED in part and DENIED in part as explained in this order.

2. Defendants are ORDERED to produce a privilege log reflecting the information they redacted from their damages expert's invoices within 10 days of this order.

3. Defendants are ORDERED to provide a sworn affidavit from their damages expert that provides the information for each defendant specified in this order within 10 days of this order.

4. The parties shall each bear their own costs in litigating this motion.

Entered February 18, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge